RECEIVED
IN MONROE, LA
AUG 0 2 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| KATHLEEN W. GILBREATH | CIVIL ACTION NO. 09-1922 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AVERITT EXPRESS, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is an "Objection to Memorandum Ruling/Order and Memorandum in Support" ("Objection") [Doc. No. 18] filed by Plaintiff Kathleen W. Gilbreath ("Gilbreath"). Pursuant to Federal Rule of Civil Procedure 72(a) and LR 74.1W, Gilbreath appeals Magistrate Judge Karen L. Hayes' June 29, 2010 Memorandum Ruling [Doc. No. 17] denying Gilbreath's Motion for Leave to Amend Complaint [Doc. No. 14]. Having considered the memoranda and arguments of counsel, the record, and the applicable law, Gilbreath's Objection is DENIED, and the Magistrate Judge's Ruling is AFFIRMED.

## I. BACKGROUND

On September 1, 2008, Gilbreath was employed as a truck driver for Laser Spot, Inc., a contractor on the premises of Defendant Graphic Packaging, Inc. ("Graphic Packaging"), in West Monroe, Louisiana. She was driving a "spotter" truck used to move large trailers loaded with paper products from one place to another on the premises. On the date of the accident, Gilbreath was assigned to move a trailer owned by Defendant Averitt Express, Inc. ("Averitt"). After the trailer was loaded and Gilbreath attempted to move it, Gilbreath alleges that the Averitt trailer collapsed in the middle, bringing her truck to an immediate stop and causing her injuries when her body was "jerked about" in the cab of her truck.

Gilbreath originally filed suit on August 25, 2009, in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, against Defendants Averitt and Roger Whitlock ("Whitlock"), an employee of Graphic Packaging alleged to have supervised the loading of the Averitt trailer. On October 5, 2009, Averitt filed an Answer in state court. On November 2, 2009, Whitlock filed an Answer and Cross Claim against Averitt in state court.

On November 13, 2009, Averitt, a Tennessee corporation, removed to this Court on the basis of diversity jurisdiction and with Whitlock's consent. In its removal petition, Averitt explained that it had filed responsive pleadings in state court, but that it had timely removed this action after its receipt of admissions from Gilbreath making it clear that she seeks damages in excess of $75,000.00. Averitt further stated that Whitlock denied supervising the loading of the trailer and that Gilbreath had named Whitlock solely to destroy diversity.

On November 19, 2009, Gilbreath filed a Motion to Remand [Doc. No. 2] because Gilbreath and Whitlock are both citizens of Louisiana and, thus, there was not complete diversity. On November 24, 2009, Magistrate Judge Hayes issued an Order [Doc. No. 5] stating that she would recommend summary judgment against Gilbreath "if and only if there was no reasonable possibility of recovery" against the non-diverse Defendant, Whitlock.

On December 1, 2009, Averitt filed an Answer to Whitlock's Cross-Claim.

On January 29, 2010, after discovery had been conducted, Averitt filed a memorandum in opposition [Doc. No. 11] to Gilbreath's Motion to Remand.

On March 10, 2010, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 12] on the Motion to Remand, recommending that the Court deny the Motion to Remand and grant summary judgment in favor of Whitlock because there was no reasonable possibility of

2

recovery against him based on the facts learned from his deposition. Magistrate Judge Hayes further recommended that Whitlock's cross-claim be dismissed as moot.

On April 21, 2010, the Court issued a Judgment [Doc. No. 13] adopting the Report and Recommendation of Magistrate Judge Hayes.

On May 4, 2010, Gilbreath filed a Motion for Leave to Amend Complaint [Doc. No. 14] and indicated in her accompanying certificate that Averitt did not oppose the motion. Gilbreath sought leave to add four individuals and Graphic Packaging as Defendants in this matter. Gilbreath stated that she was "ignorant of certain relevant facts" at the time she filed her complaint and that the "new facts contained in her original complaint are necessary to entitle [her] to prove her cause and to take judgment against the appropriate defendants." [Doc. No. 14, ¶¶ 2, 4]. In the accompanying proposed Amended Complaint, Gilbreath alleged that the four individuals (three of whom were named and one who was listed as "John Doe") were employees of Graphic Packaging who loaded and supervised the loading of the Averitt trailer on the date of the accident. She asserted that they were liable to her based on their negligent acts and omissions and that Graphic Packaging was, in turn, liable as their employer.

On May 27, 2010, Averitt filed a memorandum in opposition to the Motion for Leave to Amend Complaint. [Doc. No. 16]. Averitt admitted it had not initially opposed Gilbreath's amendment, but filed a memorandum in opposition because the addition of the Graphic Packaging employees, who are Louisiana citizens, would destroy diversity and because there is no basis for recovery against them. Specifically, Averitt argued that Graphic Packaging was the statutory employer of Gilbreath at the time of the accident under La. Rev. Stat. 23:1061, so her only recourse against that potential defendant was a workers' compensation claim, and she would have no recourse

3

against the Graphic Packaging employees at all. While Averitt admitted that Gilbreath was not dilatory in moving to add these proposed Defendants, it argued that Gilbreath would suffer no injury if her motion was denied because she had no reasonable likelihood of success against these Defendants.

On June 29, 2010, Magistrate Judge Hayes issued a Memorandum Ruling [Doc. No. 17] denying Gilbreath leave to amend her complaint. In her analysis, Magistrate Judge Hayes performed the balancing test required for amendments which would defeat diversity, applying the *Hensgens* factors[1]:

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment would be permitted. If it permits the amendment of the non-diverse defendant, it must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

[Doc. No. 17 (quoting *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-68 (5th Cir. 2010))]. Magistrate Judge Hayes refused to rely on the purported contract between Laser Spot and Graphic Packaging because, in her words, of the "less than conclusive evidence submitted by [Averitt]."[2] Nevertheless, applying the first and third factors, Magistrate Judge Hayes determined that the attempted joinder of the Graphic Packaging employees two weeks after she denied a Motion to

---

[1] *See Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

[2] Averitt submitted a portion of a contract without a signature page and which did not list the names of Laser Spot or Graphic Packaging, accompanied by an affidavit by the attorney for Averitt, who averred that he had obtained the document from counsel for Graphic Packaging and that it "apparently reflects the relationship" between Laser Spot and Graphic Packaging. [Doc. No. 16 & accompanying exhibits].

4

Remand confirmed that Gilbreath's intent was to "thwart removal." [Doc. No. 17, p. 6]. The addition of these defendants would "add nothing to plaintiff's case–save to secure remand to state court" because they were all employed by Graphic Packaging, and Gilbreath alleges that Graphic Packaging is responsible for their acts and omissions. Thus, Magistrate Judge Hayes could not "foresee any significant injury if [Gilbreath] is not permitted to join the individual defendants, especially where there is no suggestion that Graphic Packaging is insolvent or incapable of satisfying a future judgment." [Doc. No. 17, p. 6].

Magistrate Judge Hayes noted, however, that her analysis applied solely to the proposed individual defendants. Separately, she did not allow Gilbreath's amendment to add Graphic Packaging as a defendant because the amended complaint failed to allege its state of incorporation and principal place of business. [Doc. No. 17, p. 6 n.8]. She stated that Gilbreath could seek leave to amend her complaint to add Graphic Packaging if she has "a good faith basis for overcoming Graphic Packaging's anticipated statutory employer defense" and that such an amendment should properly allege Graphic Packaging's citizenship.

On July 8, 2010, Gilbreath filed her Objection [Doc. No. 18] to the June 29, 2010 Ruling. On July 12, 2010, Averitt filed a memorandum in opposition to Gilbreath's Objection. [Doc. No. 20]. On July 23, 2010, Gilbreath filed a reply memorandum [Doc. No. 21].

## II.   STANDARD OF REVIEW

A motion to amend a complaint is a non-dispositive matter. *See PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n. 11 (5th Cir. 1996). Therefore, a district court may only reverse a magistrate judge's ruling on a motion to amend if, after review of the record, the court finds the ruling to be "clearly erroneous or contrary to law." 28 U.S.C. §

5

636(b)(1)(A); FED. R. CIV. P. 72(a)[3]; *Castillo v. Frank*, 70 F.3d 382 (5th Cir.1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, at *1 (E.D. La. Nov. 28, 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

## III. ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires."[4] Where a plaintiff seeks to add a non-diverse party in a removed case, however, then under 28 U.S.C. § 1447 (e), it is within the discretion of the Court to determine whether to deny joinder or to permit joinder and remand to state court. *See Hensgens*, 833 F.2d 1179 at 1180-82. When a permitted amendment would destroy diversity, "justice requires that the district court

---

[3]Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a).

[4]The Court notes that the Memorandum Ruling cites Rule 15(a)(1), which is applicable to a plaintiff's amendment prior to a defendant's answer. [Doc. No. 17, p. 3 ("The rule states, in relevant part, that '[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading.'")]. In this case, Averitt had answered in state court prior to removal, so the relevant provision is Rule 15(a)(2). However, the Magistrate Judge's citation of the wrong subsection of Rule 15(a) does not otherwise affect her analysis or the Court's review.

consider [the so-called *Hensgens*] . . . factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Tillman v. CSX Transp., Inc.*, 29 F.2d 1023, 1029 n.11 (5th Cir. 1991) (citing *Hensgens*, 833 F.2d at 1182).

The Court finds that the Magistrate Judge's decision to apply the *Hengens* factors is not contrary to law, nor is her application of those factors clearly erroneous. While Gilbreath denies that she has moved to amend her Complaint to add non-diverse defendants solely to defeat diversity, given the timing of her amendment, the Court cannot say that Magistrate Judge Hayes' conclusion on the first *Hensgens* factor is clearly erroneous.

Further, the Court cannot say that Magistrate Judge Hayes' conclusion on the third *Hensgens* factor is clearly erroneous. Gilbreath argues that "[t]here is no way to know what Graphic may plead in regard to the conduct of the four individual defendants," and, thus, Averitt has incorrectly concluded "that joining . . . the four individual employees of Graphic would not benefit plaintiff in any fashion." [Doc. No. 21, ¶ 2]. Certainly, Gilbreath is correct that no one can know what Graphic Packaging may plead as a defense if it is added as a defendant, but the Court does know what Gilbreath has alleged in her proposed amended complaint: that the individuals to be added were employees of Graphic Packaging at the time of the accident, and, "in their capacity as employees of Graphic Packaging," acted negligently when they loaded the Averitt trailer and/or failed to inspect the trailer. [Doc. No. 14, attached proposed amended complaint, ¶¶ 2-5]. If those facts are proven, then Gilbreath's recovery, if any, is against Graphic Packaging under the theory of *respondeat superior*. *Cf. Duplantis v. Dillard's Dep't Store*, 2002-0852 (La. App. 1 Cir. 05/09/03);849 So.2d 675 (Sheriff was not liable for negligence of off-duty deputy while deputy was performing his duties as a store security guard). Thus, if Gilbreath can amend her Complaint to add Graphic Packaging

7

as a Defendant, she would not suffer significant injury.

Finally, while both Gilbreath and Averitt have focused their briefing on the issue of statutory employment, the Court will not consider those arguments. As Magistrate Judge Hayes pointed out, Gilbreath may properly file a second Motion for Leave to Amend Complaint to add Graphic Packaging if she has a good faith basis for doing so and if her proposed amended complaint properly alleges the citizenship of Graphic Packaging. If and when Gilbreath files her second Motion for Leave to Amend Complaint, Magistrate Judge Hayes will have the benefit of the record, including these briefs, to consider.[5]

## IV. CONCLUSION

For the foregoing reasons, Gilbreath's Objection [Doc. No. 18] is DENIED, and the Magistrate Judge's Ruling [Doc. No. 17] is AFFIRMED.

MONROE, LOUISIANA, this 2 day of August, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[5]The Court notes that if Graphic Packaging is determined to be a statutory employer, Gilbreath would have no cause of action against the individual employees because her only cause of action against Graphic Packaging would be under workers' compensation.