RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/13/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KATHLEEN W. GILBREATH | CIVIL ACTION NO. 09-1922 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AVERITT EXPRESS, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendant Graphic Packaging International, Inc.'s ("GPI") Motion for Summary Judgment, filed on October 25, 2010. [Doc. No. 39]. Plaintiff Kathleen W. Gilbreath ("Gilbreath") did not file an opposition to the motion. For the following reasons, GPI's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

This case arises out of Gilbreath's work as a truck driver for Lazer Spot, Inc. ("Lazer Spot"). On September 1, 2008, Gilbreath alleges that she was assigned to move a loaded trailer using a "spotter" truck while on the property of GPI in West Monroe, Louisiana. [Doc. No. 1-1, p. 1]. Gilbreath alleges that while she was moving the trailer, it collapsed in the middle, bringing the spotter truck to a sudden stop, which jerked Gilbreath's body and caused her "severe and permanent injuries, as well as resulting pain and discomfort." *Id.* at pp. 1-2.

Gilbreath originally named two defendants in her lawsuit, Averitt Express, Inc. and Roger Whitlock. In her Second Amended and Supplemental Complaint [Doc. No. 26], she named GPI as an additional defendant.

II.  **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

However, "[w]hen a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 Fed. App'x 398, 400 (5th Cir. 2010) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

### III. ANALYSIS

As the basis for its motion, GPI asserts that it is a statutory employer of Gilbreath. GPI contends that, as Gilbreath's statutory employer, it receives immunity under Louisiana law from tort damages suffered by Gilbreath in the course and scope of her employment.

"Except for intentional acts, workers' compensation is the exclusive remedy for work-related injuries and illnesses." *Dugan v. Waste Mgmt., Inc.*, 45-407-CA (La. App. 2 Cir. 6/23/10); 41 So.3d 1263, 1266 (citing LA. REV. STAT. § 23:1032). The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against "his employer[] or any principal." § 23:1032(A). A "principal" is "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." § 23:1032(A)(2). "In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ" and is therefore immune from tort liability pursuant to La. Rev. Stat. § 23:1061(A). *Dugan*, 41 So.3d at 1266. Section 23:1061(A) states, in pertinent part:

> (1) Subject to the provisions of Paragraph[] . . . (3) of this Subsection, when any 'principal' . . . undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of [§ 23:1032] . . . . [W]here compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer . . . .
>
> . . . .
>
> (3) ". . . [A] statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, *unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the*

3

> *principal as a statutory employer.* When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

LA. REV. STAT. § 23:1061(A) (emphasis added).

According to GPI, it is undisputed that "[t]he work Ms. Gilbreath was performing at the time of the accident was part of a contract between GPI and Lazer Spot." [Doc. No. 39-3, p. 1]; *see also* [Doc. No. 39-1, ¶¶ 3-6]; [Doc. No. 39-4, Affidavit of J.B. Touzet and Exhibit A, attached thereto]. GPI avers that its contract with Lazer Spot made GPI a statutory employer of Lazer Spot employees who performed work for GPI and that Gilbreath was an employee of Lazer Spot. Finally, GPI contends that "Lazer Spot's work was an essential part of or was integral to the business of GPI." [Doc. No. 39-3, pp. 1-2]. Because Gilbreath did not file an opposition to GPI's Motion for Summary Judgment, the Court considers these facts undisputed. *See Jegart*, 384 Fed. App'x at 400.

The Court finds that GPI was a principal because it contracted with Lazer Spot to execute its work. Further, under § 23:1061(A)(3), GPI had a statutory employer relationship with Lazer Spot's employees because GPI (principal) entered into a written contract with Lazer Spot (contractor) that recognized GPI as a statutory employer of Lazer Spot's employees. Because Gilbreath was an employee of Lazer Spot, GPI enjoys a rebuttable presumption that it was Gilbreath's statutory employer, unless the work performed was not integral to GPI's business. § 23:1061(A)(3). Since the work performed was integral to GPI's business, GPI was Gilbreath's statutory employer and is immune from tort liability to Gilbreath under § 23:1061.

## IV. CONCLUSION

Based on the foregoing, GPI's Motion for Summary Judgment [Doc. No. 39] is GRANTED, and Gilbreath's claims against GPI are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 13 day of January, 2011.

```
                              ROBERT G. JAMES
                         UNITED STATES DISTRICT JUDGE
```